IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AYANDE YEARWOOD | * | |
| v. | * | Civil No. RDB-09-2809 |
| UNITED STATES OF AMERICA | * | |

* * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No. RDB-05-0105 |
| AYANDE YEARWOOD | * | |

## MEMORANDUM OPINION

On October 23, 2009, Ayande Yearwood, a federal prison inmate, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. This Court imposed a 240-month sentence on October 20, 2006. Yearwood requests that this Court vacate and set aside his sentence. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons set forth below, Yearwood's motion (Paper No. 91) is DENIED.

## BACKGROUND

The facts in this case are largely undisputed. This case involves two trials. In the first trial, on December 5, 2005, a jury acquitted Ayande Yearwood of the charge of distributing, as a principal or as an aider and abettor, 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 ("the distribution charge"). In the same trial, the jury was deadlocked on the other charge of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 ("the

conspiracy charge"). The Government retried Yearwood on the remaining conspiracy charge and, in a second trial, a jury found him guilty on April 28, 2006.

On May 5, 2006, Yearwood filed a Motion for Judgment of Acquittal. This Court denied the motion on May 17, 2006. On October 20, 2006, this Court imposed a 240-month sentence. On October 26, 2006, Yearwood filed an appeal to the U.S. Court of Appeals for the Fourth Circuit. In his appeal, Yearwood argued that the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution barred the Government from retrying him for conspiracy because the retrial required relitigation of a fact the jury decided in his favor in the first trial when it acquitted him on the distribution charge. Yearwood argued that when the jury acquitted him on the distribution charge, it necessarily decided that he was not involved in a drug transaction that was the crux of the Government's conspiracy charge. Yearwood reasoned that his involvement in the drug transaction was the "issue of ultimate fact" that the Double Jeopardy Clause collaterally estops the Government from relitigating. The Fourth Circuit affirmed this Court's denial of his motion and rejected Yearwood's double jeopardy argument. *United States v. Yearwood*, 518 F.3d 220, 223 (4th Cir. 2008). The Fourth Circuit held that because distribution and conspiracy are "distinct" crimes with separate elements, Yearwood's retrial on the conspiracy charge did not require relitigation of facts the jury decided in his favor when it acquitted him of the distribution charge. *Id.* at 229.[1]

The Fourth Circuit issued its opinion on March 6, 2008. Yearwood filed a petition for

---

[1] Yearwood made two other arguments on appeal. First, he argued that this Court erred in denying the Motion for Judgment of Acquittal because there was insufficient evidence to convict Yearwood on the conspiracy charge. Second, he argued that this Court erred in permitting the introduction of evidence of a prior cocaine conspiracy conviction, violating Rule 404(b) of the Federal Rules of Evidence. The Fourth Circuit affirmed this Court on all grounds. In this habeas proceeding, only the double jeopardy argument is at issue.

writ of certiorari with the Supreme Court of the United States. The Court denied the petition on October 6, 2008. On June 18, 2009, the Supreme Court decided *Yeager v. United States*, the double jeopardy case upon which Yearwood now relies to challenge his sentence. 129 S. Ct. 2360 (2009). Yearwood filed this motion to vacate and set aside his sentence on October 23, 2009.

## ANALYSIS

I. Timeliness

The threshold question in Yearwood's case is whether the one-year statute of limitations in 28 U.S.C. § 2255(f) bars Yearwood from asserting his claims for collateral relief. Yearwood challenges his sentence on the grounds that the Government's retrial on the conspiracy charge violated his rights under the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution. Yearwood claims that a recent Supreme Court decision, *Yeager v. United States*, 129 S. Ct. 2360 (2009), undermines the basis for his conviction and sentence on the conspiracy charge. Yearwood further argues that because *Yeager* applies to his case, the statute of limitations should run from the day that *Yeager* was decided by the Supreme Court — June 18, 2009. This Court holds that § 2255(f)'s statute of limitations began running from October 6, 2008, and therefore bars Yearwood from asserting his claims.

A. 28 U.S.C. § 2255(f) – Statute of Limitations

Under 28 U.S.C. § 2255(f), a one-year statute of limitations runs either from the date on which the judgment of Yearwood's conviction became final or the date on which the Supreme Court initially recognized the right he is now asserting. 28 U.S.C. §§ 2255(f)(1) and (4). Yearwood's conviction became final when the Supreme Court denied his petition for writ of certiorari on October 6, 2008. Under *Clay v. United States*, a conviction is final when the

3

Supreme Court "affirms a conviction on the merits on direct review or *denies a petition for a writ of certiorari*, or when the time for filing a certiorari petition expires." 537 U.S. 522, 527 (2003) (emphasis added). Thus, Yearwood's one-year period ended on October 6, 2009, a year after the Supreme Court denied his cert petition. His motion is not timely because it was filed on October 23, 2009, 17 days after the limitations period ended.

B. The Applicability of *Yeager* and the Double Jeopardy Clause

Yearwood argues that the limitations period should run from June 18, 2009, the date on which the Supreme Court decided *Yeager*, rather than from October 6, 2008, the date on which the Supreme Court denied his cert petition. Yearwood claims that the Fourth Circuit would have decided his appeal differently had the Supreme Court decided *Yeager* prior to his appeal. The question, then, is whether *Yeager* applies to Yearwood's case. Contrary to Yearwood's argument, *Yeager* is irrelevant to this case.

Yearwood argues that the Government violated his rights under the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution when it retried him on the conspiracy charge. The Double Jeopardy Clause bars the Government from re-prosecuting a defendant for an offense after a jury has acquitted or convicted the defendant of that same offense. *United States v. Hall*, 551 F.3d 257, 266 (4th Cir. 2009). The Clause also bars the Government from re-litigating "an issue of ultimate fact" after a jury has made a determination about that issue in a "valid and final judgment." *Ashe v. Swenson*, 397 U.S. 436, 443 (1970).

Yearwood claims that the Government violated the collateral estoppel prong of the guarantee against double jeopardy when it retried him on the conspiracy charge after the jury acquitted him of the distribution charge. More specifically (and similar to his prior direct

4

appeal), Yearwood argues that the jury resolved whether he was involved in a drug transaction that was the crux of the Government's conspiracy charge in his favor when it acquitted him of the distribution charge. Yearwood further argues that his involvement in the drug transaction is the "issue of ultimate fact" that the Double Jeopardy Clause collaterally estops the Government from relitigating. In Yearwood's view, *Yeager* stands for the proposition that "if a critical issue of ultimate fact involving the retrial of the hung charge was decided in [Yearwood's] favor in connection with the charge upon which [he] was acquitted, double jeopardy would bar retrial of the hung charge." (Yearwood Pet. at 5.) *Yeager*, however, does not stand for this proposition.

In *Yeager*, the jury acquitted the defendant of one count and hung on the second count. 129 S. Ct. 2360, 2362-63 (2009). On appeal, the Supreme Court held that, for double jeopardy purposes, the preclusive force of the acquittal is not weakened even when there is an apparent inconsistency between the acquittal and the hung count. *Id.* The Court rejected the U.S. Court of Appeals for the Fifth Circuit's practice of considering a hung count when trying to determine what factual issues the jury resolved when it acquitted the defendant of the other count. *Id.* at 2367. In *Yeager*, the defendant was charged with securities fraud and insider trading. *Id.* In the first trial, the jury acquitted the defendant on the securities fraud charges but hung on the insider trading charges. *Id.* The Government then recharged the defendant on the insider trading charges. *Id.* The defendant moved to dismiss the new counts on the grounds that the Government was trying to re-litigate issues of fact that the jury resolved in his favor when it acquitted him on the securities fraud charges. *Id.* In trying to decide what factual issues the jury resolved in acquitting the defendant, the Fifth Circuit analyzed the relationship between the hung counts and the acquittal, making logical inferences about what the jury must have decided when it acquitted the defendant on the securities fraud charges but hung on the insider trading charges.

5

*Id.* at 2368. The Supreme Court's holding in *Yeager* rejected the Fifth Circuit's *procedure* of incorporating the hung count when determining what factual issues the jury decided in acquitting the defendant of the securities fraud charges. *Id.* at 2370. The Supreme Court refused to determine what factual issues the jury actually decided in *Yeager*. *Id.* *Yeager*, thus, stands for the proposition that a court cannot determine the preclusive scope of an acquittal for double jeopardy purposes by identifying either logical inconsistencies or synergies between the acquittal and the hung count. *See id.* at 2368-69 ("To identify what a jury necessarily determined at trial, courts should scrutinize a jury's decisions, not its failures to decide.").

*Yeager* is irrelevant to Yearwood's case. First, *Yeager* eliminates a constitutionally defective procedure that some federal courts used to determine what factual issues a jury decided in rendering a judgment. Yearwood's argument is that the Double Jeopardy Clause bars relitigation of a factual issue the jury decided in his acquittal, but the Supreme Court decided that constitutional question more than 40 years ago in *Ashe v. Swenson*. 397 U.S. 436, 443 (1970) ("[W]hen an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot be litigated between the same parties in any future lawsuit."). The question in *Yeager* was whether a court, following *Ashe*, can look to a hung count to discover *what* issues of ultimate fact the jury decided. The Court answered that question in the negative. *Yeager*, 129 S. Ct. at 2367 ("A mistried count is therefore nothing like the other forms of record material that *Ashe* suggested should be part of the preclusion inquiry."). *Yeager* is, therefore, not relevant to Yearwood's argument.

Second, the Fourth Circuit did not use the constitutionally defective procedure that *Yeager* prohibits when it decided Yearwood's case. *See United States v. Yearwood*, 518 F.3d 220, 223 (4th Cir. 2008). Nowhere in the opinion does the Fourth Circuit attempt to analyze the

6

relationship between Yearwood's hung count and his acquittal to determine what factual issues the jury decided.[2] To the contrary, the Fourth Circuit in *Yearwood* refused to even try to determine what factual issues the jury decided, noting that "we need not attempt to divine the precise thoughts of the first jury." *Id.* at 229. Instead, the Fourth Circuit's opinion relies primarily on the logic that conspiracy and distribution are elementally and legally distinct offenses, finding that "*[l]argely because the two offenses are distinct*, Yearwood's second trial did not require relitigation of 'an issue of ultimate fact' that had already been determined in the first trial." *Id.* at 223 (emphasis added).[3] *Yeager* targets a procedure that the Fourth Circuit did not engage in when it decided Yearwood's appeal and is, therefore, irrelevant to Yearwood's case.

Finally, Yearwood reads *Yeager* far too expansively. *Yeager*, 129 S. Ct. at 2370. Contrary to Yearwood's characterization, the *Yeager* Court did not (1) make findings on what factual issues the jury determined, (2) decide what types of factual issues constitute "issues of ultimate fact," or (3) determine whether acquittals for substantive offenses preclude retrials on related conspiracy charges. Instead, the Court decided the "narrow legal question" of whether an

---

[2] Importantly, in its discussion of the circuit split on the issue presented in *Yeager*, the Supreme Court did not list the Fourth Circuit in the grouping of federal circuits that followed the constitutionally defective practice. *See Yeager*, 129 S. Ct. at 2365 (noting that the First, Eighth, and D.C. Circuits followed the Fifth Circuit's approach, while the Sixth, Seventh, Ninth, and Eleventh Circuits did not).

[3] In its reasoning, the Fourth Circuit did cite to some Fifth Circuit precedent, but the proposition for which the case was cited is irrelevant to this case. *Yearwood*, 518 F.3d at 228 (citing *United States v. Brackett*, 113 F.3d 1396 (5th Cir. 1997) (holding that collateral estoppel does not require suppression of evidence in a conspiracy trial when a jury acquitted the defendant of the distribution charge and the evidence was related to the distribution charge)). The Fourth Circuit did not, however, cite to *Brackett* for the proposition that a court should look to hung counts and acquittals together to decide what factual issues the jury determined. *Id.* Instead, it cited to *Brackett* as out-of-circuit support for the argument that a general verdict of acquittal on a substantive charge "does not 'necessarily determine' any facts at issue in the conspiracy trial." *Id.* (quoting *Brackett*, 113 F.3d at 1400).

inconsistency between an acquittal and a hung count weakens the preclusive scope of the acquittal under the Double Jeopardy Clause of the Fifth Amendment. *Id.* at 2370, 2362-63. The question decided in *Yeager* has no bearing on Yearwood's case.[4]

*Yeager* does not enunciate a new right that affects Yearwood's case and, therefore, the statute of limitations period for his motion to vacate ended on October 6, 2009, one year after the Supreme Court denied his cert petition. Yearwood filed his motion on October 23, 2009. § 2255(f) bars Yearwood from raising his claims because he filed his motion 17 days late.

II. Equitable Tolling

Alternatively, Yearwood argues that this Court should toll, under the doctrine of equitable tolling, his statute of limitations period. Yearwood mistakenly believed that the Supreme Court's denial of his petition for writ of certiorari did not become final until late October, approximately 25 days after the Supreme Court denied the petition. Under Supreme Court Rules, Yearwood had a 25-day window in which he could file a Motion for Rehearing on the Supreme Court's cert petition denial. SUP. CT. R. 44. Yearwood mistakenly believed that his conviction became final when he could no longer file for rehearing, and he argues that his mistake, in part a result of his relying on what his appellate lawyer told him, justifies equitable tolling.

Equitable tolling is rarely available, and typically only in cases involving extreme circumstances, where enforcing the statute of limitations would be unconscionable and cause

---

[4] This Court's reading is consistent with other in-circuit courts' interpretations of *Yeager*. *See Taylor v. Janes*, 2010 U.S. Dist. LEXIS 67818, at *32 (N.D. W. Va. June 18, 2010) (discussing *Yeager* as a prohibition on "ascrib[ing] meaning to a hung count" in assessing the preclusive force of an acquittal); *United States v. Hicks*, 2010 U.S. Dist. LEXIS 41865, at * 1 n. 1 (W.D. Va. April 28, 2010) (suggesting that *Yeager* is not relevant to determining what facts a jury necessarily decided when it acquitted the defendant in the first proceeding).

gross injustice. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Yearwood must establish that (1) extraordinary circumstances (2) beyond his control (3) prevented him from filing his motion on October 6, 2009. *Id.*

Yearwood's case does not present the type of extraordinary circumstances that justify equitable tolling. Two principles are operative in assessing Yearwood's claim. First, "ignorance of the law is not a basis for equitable tolling." *Id.* (holding that an unrepresented prisoner's ignorance about how the statute of limitations operates in his case is not an extraordinary circumstance). Second, a defendant's reliance on his lawyer's innocent mistakes generally does not constitute an extraordinary circumstance. *Harris v. Hutchinson*, 209 F.3d 325, 331 (4th Cir. 2000) (holding that equitable tolling is not justified in a habeas proceeding where the defendant relied on his lawyer's misreading of a statute of limitations). Both principles weigh against Yearwood's claims. Even if Yearwood mistakenly relied on his lawyer's innocent misreading of the Supreme Court Rule, that conduct does not constitute an extraordinary circumstance. Furthermore, Yearwood's habeas counsel, in relying on Yearwood's misunderstanding of when his conviction became final, cannot rely on ignorance of the law of finality as its justification for tolling. Holding to the contrary would take away the incentive for lawyers to conduct due diligence, thoroughly research the law, and verify the information and facts their clients give to them.[5]

For these reasons, Yearwood's Motion to Vacate, Set Aside or Correct Sentence is **DENIED**. A separate Order follows.

---

[5] Yearwood makes three other arguments challenging his conviction and sentence. All of those claims are time-barred under 28 U.S.C. § 2255(f) because Yearwood filed his motion on October 23, 2009, 17 days after the statute of limitations. Yearwood does not make an argument as to why any of those claims should be subject to a different statute of limitations.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2) (2000). Yearwood can satisfy this standard if he can demonstrate that reasonable jurists would find that an assessment of his constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Supreme Court decided *Yeager* after Yearwood's direct appeal to the U.S. Court of Appeals for the Fourth Circuit. In light of (1) the Supreme Court's holding in *Yeager* and (2) the absence of any case law by the Fourth Circuit interpreting *Yeager*, this Court finds that reasonable jurists would find Yearwood's double jeopardy claim and this Court's dispositive procedural ruling dismissing that particular claim debatable. A certificate of appealability is, therefore, GRANTED.

March 7, 2011

_____/s/_____
Richard D. Bennett
United States District Judge